No. 11,066.

COCHRANE, INSURANCE COMMISSIONER, v. NATIONAL LIFE INSURANCE CO.

Decided April 6, 1925.    Rehearing denied May 4, 1925.

Action to enjoin the insurance commissioner from invoking the penal provisions of the insurance code.    Judgment for plaintiff.

*Reversed.*

1.  INSURANCE—*Taxation.*  Dividends applied by a mutual insurance company toward the payment of premiums in exercise of option in policies, held subject to the tax imposed by section 16, c. 99, S. L. '13.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Mr. WAYNE C. WILLIAMS, Attorney General, Mr. CHARLES ROACH DEPUTY, Mr. OLIVER DEAN, Assistant, for plaintiff in error.

Messrs. SMITH & BROCK, Mr. JOHN P. AKOLT, Mr. GEORGE B. YOUNG, for defendant in error.

*Department Three.*

MR. JUSTICE SHEAFOR delivered the opinion of the court.

SUIT brought by defendant in error, as plaintiff in the court below, and so designated here, against plaintiff in

error as defendant there, to enjoin defendant from annulling plaintiff's certificate of authority to do business in this state, and from invoking any of the penal provisions of the Insurance Code, on account of the failure and refusal of plaintiff to pay the two per cent tax, or any other tax, on the sum of $4,714 mentioned in the complaint.

The defendant filed a general demurrer to the complaint which was overruled. Defendant having elected to stand on his demurrer, the court rendered a decree of injunction as prayed for, and defendant prosecutes this writ of error.

The plaintiff is a mutual life insurance company without stock or stockholders and operated solely for the benefit of its policy holders. Each policy holder is required annually to pay to plaintiff a premium on his policy as provided by the policy terms, based upon an expected mortality loss among the company policy holders, an assumed interest earning on plaintiff's invested assets of three per cent, and upon an estimate of the operating expenses of the company.

The company accumulates from time to time a surplus from the premiums, interest earnings in excess of three per cent per annum, in excess of what is needed to defray mortality losses and operating expenses.

The company annually declares from the surplus a dividend in such amount as the board of directors may determine. The policy holder participates in this surplus upon payment of the premium due on his policy on its first anniversary date, and such dividend becomes the property of the policy holder or the beneficiary thereunder with the option in the policy holder or beneficiary either (1) to withdraw the same in cash; or (2) to have same applied toward payment of any premium thereafter to become due on the policy; or (3) to convert the same into additional paid-up participating insurance; or (4) deposit the same with the company, subject to the payment annually of three per cent interest thereon, together with the share of surplus interest apportioned thereto by the directors of the company.

· The provisions of the policy are set out in the complaint. The face amount of premiums called for by policies issued to policy holders in Colorado prior to, and during the year 1923, to be paid in the year 1923, was the sum of $67,625.07.

The sum of $4,714 upon which the plaintiff declined to pay the two per cent tax, is the amount which the policy holders elected in the year 1923, to apply, and which was applied by the company, toward payment of their premiums due in that year and was their share of the divisible surplus. The defendant contends that plaintiff is liable for the two per cent tax on the $4,714 under section 16, chapter 99, Session Laws, 1913, which so far as necessary to insert the same here, reads: "All insurance companies doing business in this State shall pay to the State Treasurer, through the Commissioners' office a tax of two per cent (2%) on all premiums collected or contracted for in this State or from the residents thereof during the year ending 31st day of December next preceding, provided in the case of companies engaged in fire or marine insurance, the tax shall be collected on such premiums after deducting from the gross amount thereof the amounts paid to policy-holders as returned premiums, and the amounts paid as premiums to admitted companies for re-insurance, and in cases of life insurance companies, the tax shall be collected on the gross amount of premiums collected or contracted for in this state or from residents thereof during the year ending the 31st day of December next preceding, after deducting therefrom the amounts paid as premiums to admitted companies for reinsurance."

The words appearing in this statute "on all premiums collected or contracted for", and "on the gross amount of premiums collected or contracted for" do not appear in any of the prior statutes relating to the subject of taxation of the insurance business.

We must assume that the General Assembly had some purpose in saying that the two per cent tax instead of being levied "on the gross amount of premiums received"

during the calendar year and "on the gross amount of premiums received or written" during the calendar year (without deductions or exceptions) and "on the excess of premiums received over losses and ordinary expenses incurred" as provided in the prior statutes, should be levied "on all premiums collected or contracted for in this state or from the residents thereof during the year ending the 31st day of December next preceding," and that the tax should be collected "on the gross amount of premiums collected or contracted for in this state or from residents thereof during the year ending the 31st day of December next preceding after deducting therefrom the amounts paid as premiums to admitted companies for re-insurance."

The plaintiff contends that the tax is imposed only upon the premiums collected or contracted for during the year 1923, and that the dividend was neither collected nor contracted for during that year; that the dividend was contracted for and collected at the time the policy was written.

If we understand plaintiff's position it is this: That if no surplus had accumulated so that during the year 1923, the policy holder was not entitled to a dividend, he would pay to the company the full amount of the premium, contracted for in the policy, upon which the company would be liable for the two per cent tax, but if a surplus had accumulated and therefrom a dividend was due to the policy holder, and if he elected to apply that dividend on the premium, paying the balance of the premium in cash, the company is relieved of liability for the tax on the amount of the dividend so applied.

It would seem to follow that if there is no accumulation of a surplus, or being such, the company should not declare a dividend, the policy holder would, in such case, continue to pay each year the full premium contracted for in the policy, and the company would be liable for the two per cent tax thereon. The logic of this position is that if a policy holder should pay his full premium for a given year and immediately thereafter the company should return to him a dividend for that year, the company could not escape

liability for the tax on the full premium. If, however, the company should declare the dividend before the full premium is paid, and the policy holder should exercise his option to have it applied, and it should be applied on the premium so that he would remit to the company the premium less the amount of the dividend, then the company is relieved from the payment of the tax on the amount of the dividend so applied. Why should the company be liable in the one case and not in the other?

The vigorous and able argument of counsel for plaintiff has not convinced us of the soundness of their position. The authorities cited by plaintiff are, evidently, not based upon statutes like ours, but, if fairly construed they can be said to apply to the instant case, we cannot follow them.

It appears to us quite clearly that the plain intent of the statute is that the company should be liable to pay the tax on the premium fixed in the policy, for that is the premium contracted for in the policy for each and every year until it matures. Were it not so intended certainly an exemption from liability on account of dividends would have been provided for in the statute.

Furthermore, if the company is not liable for the tax on the dividend where it is applied on the premium, why should it be liable for the tax on the full premium where the policy holder exercises the first option, to withdraw the dividend in cash, or the fourth where it is left with the company to bear interest and might be withdrawn at any time?

We are therefore of the opinion that the dividends should be considered as premiums collected or contracted for during the year and that the company is liable for the tax thereon. The demurrer should have been sustained.

Reversed with instructions to sustain the demurrer and dismiss the action.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE CAMPBELL concur.